The court erred, however, in denying that part of defendants' motion for summary judgment seeking dismissal of the Labor Law § 200 cause of action. Defendants established that they exercised no supervisory control over the method of plaintiff's work (*see, Comes v New York State Elec. & Gas Corp.*, 82 NY2d 876, 877). Defendants' general supervisory authority over safety standards at the work site is insufficient to establish defendants' liability under section 200 (*see, McSweeney v Rochester Gas & Elec. Corp.*, 216 AD2d 878, *lv denied* 86 NY2d 710; *Mamo v Rochester Gas & Elec. Corp.*, 209 AD2d 948, 949, *lv dismissed* 85 NY2d 924).

We, therefore, modify the order on appeal by granting that part of defendants' motion for summary judgment seeking dismissal of the Labor Law § 200 cause of action, and otherwise affirm. (Appeal from Order of Supreme Court, Jefferson County, Schwerzmann, J.—Labor Law.) Present—Pine, J. P., Wesley, Callahan, Davis and Boehm, JJ.

LINDA A. BRANCH, Respondent, v CHENANGO MUTUAL INSURANCE COMPANY, Appellant. (Appeal No. 1.) [639 NYS2d 762]

Present—Pine, J. P., Wesley, Callahan, Davis and Boehm, JJ.

LINDA A. BRANCH, Respondent, v CHENANGO MUTUAL INSURANCE COMPANY, Appellant. (Appeal No. 2.) [639 NYS2d 202]

Memorandum: On February 1, 1994, a fire caused substantial damage to a two-story farmhouse owned by plaintiff and Richard Branch as tenants by the entirety. At the time of